
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIONGMING WANG, | No.    12-72619 |
| Petitioner, | Agency No. A088-276-537 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2017[**]
Honolulu, Hawaii

Before:  SCHROEDER, D.W. NELSON, and McKEOWN, Circuit Judges.

Xiongming Wang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from the

Immigration Judge's ("IJ") decision denying his applications for asylum and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal.  Our appellate jurisdiction rests on 8 U.S.C. § 1252, and we **DENY** the petition.

Wang's application is governed by the standards of the REAL ID Act.  *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).  We review adverse credibility determinations for substantial evidence and only reverse the BIA's decision if the evidence compels it.  *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010); *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The IJ found inconsistencies, omissions, and implausibilities between Petitioner's testimony and his asylum application surrounding, for example, his nonpayment of the fine and his payment of 180,000 yuan to a "snakehead," and the implausibility of Petitioner's accounts of his confrontation with the family planning officials.  Under the totality of the circumstances, these inconsistencies, omissions, and implausibilities undermined Petitioner's veracity and thus constituted substantial evidence in support of the adverse credibility finding.  *See Shrestha*, 590 F.3d at 1044.

As the BIA correctly found, absent credible testimony, Petitioner's corroborating evidence was insufficient independently to establish entitlement to asylum.  Petitioner therefore also failed to satisfy his higher burden for showing

2

entitlement to withholding of removal. *See Kumar v. Gonzales*, 439 F.3d 520, 525

(9th Cir. 2006).

**PETITION DENIED.**